**Fill in this information to identify your case:**

Debtor 1: Roman Glenn Adams
First Name / Middle Name / Last Name

Debtor 2: _____
(Spouse, if filing) First Name / Middle Name / Last Name

United States Bankruptcy Court for the Northern District of Georgia

Case number: 18-21120
(if known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

# Chapter 13 Plan

NOTE: The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ■ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ■ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ■ Not Included |

Debtor  Roman Glenn Adams and                               Case number  18-21120

| **Part 2:** | **Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims** |

**§ 2.1  Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:  ■ 36 months      ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay _____ $294.00 per ___month___ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| Beginning on (insert date): | The Regular Payment amount will change to (insert amount): | For the following reason (insert reason for change): |
|---|---|---|
|  | _____ per ___week___ |  |

**§ 2.2  Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

■ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3  Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

■ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years 2018, 2019, 2020 _____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

**§ 2.4  Additional Payments.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5  [Intentionally omitted.]**

**§ 2.6  Disbursement of funds by trustee to holders of allowed claims.**

**(a) Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

**(b) Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

**(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and

Debtor  Roman Glenn Adams and _____  Case number 18-21120 _____

orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursements after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee otherwise in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

### Part 3: Treatment of Secured Claims

**§ 3.1  Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Shellpoint Mortgage | Residence located at 6980 Highway 53 East, Tate, GA 30177 | $12,000.00 | % | $125.00 step up to $275.00 on July 1, 2019 |
| | | $0.00 | % | |

Debtor  Roman Glenn Adams and                        Case number  18-21120

### § 3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.

*Check all that apply.*

- ■ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

### § 3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

- ■ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

### § 3.4 Lien avoidance.

*Check one.*

- ■ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

### § 3.5 Surrender of collateral.

*Check one.*

- ■ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### § 3.6 Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __6__%. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor  Roman Glenn Adams and                                    Case number  18-21120

## Part 4:  Treatment of Fees and Priority Claims

**§ 4.1  General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2  Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3  Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $  3,148.00  . The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $  150.00  per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $  1,500.00  , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $  1,500.00  , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4  Priority claims other than attorney's fees.**

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

## Part 5:  Treatment of Nonpriority Unsecured Claims

**§ 5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☒ The larger of (1)  0.00  % of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

Debtor  Roman Glenn Adams and _____   Case number  18-21120 _____

### § 5.3 Other separately classified nonpriority unsecured claims.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified. Each claim will receive pro rata payments as set forth in § 2.6. The unpaid balance will be paid in full, including interest at the rate stated below, if applicable.

| + | Name of creditor | Basis for separate classification | Estimated amount of claim | Interest rate (if applicable) |
|---|---|---|---|---|
| - | | | | % |

## Part 6: Executory Contracts and Unexpired Leases

### § 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| + | Name of creditor | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|---|
| - | | | | |

## Part 7: Vesting of Property of the Estate

### § 7.1 Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

## Part 8: Nonstandard Plan Provisions

### § 8.1 Check "None" or list Nonstandard Plan Provisions.

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Debtor  Roman Glenn Adams and                           Case number  18-21120

## Part 9: Signatures

**§ 9.1  Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign below.  The attorney for the debtor(s), if any, must sign below.*

✗ /s/ Roman Glenn Adams                                 ✗
Signature of debtor 1 executed on  6/12/2018            Signature of debtor 2 executed on
                    MM / DD / YYYY                                              MM / DD / YYYY

6090 Highway 53 East, Tate, GA  30177
Address                      City, State, ZIP code     Address                      City, State, ZIP code

✗ /s/William C. McCurdy                                 Date: 6/12/2018
Signature of attorney for debtor(s)                           MM / DD / YYYY

William C. McCurdy, Jr., LLC                            12 N. Main St., Jasper, HA  30143
Firm                                                    Address                      City, State, ZIP code

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

IN RE:                                                          Case No. 18-21120-JRS
    ROMAN GLENN ADAMS
       Debtor                                        Chapter 13

## **CERTIFICATE OF SERVICE**

I, William C. McCurdy, Jr. of 12 North Main Street, Jasper Georgia 30143, hereby certify:

That I am, and at all times hereinafter mentioned, more than eighteen (18) years of age;

That I have this day mailed a copy of the original CHAPTER 13 PLAN with a payment of $294 per month by depositing same in the United States Mail with adequate first class postage affixed thereon, properly addressed as per the attached creditor matrix.

I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 14th day of June, 2018.

                                                              /s/
                                                 William C. McCurdy, Jr.
                                               GA Bar No. 487416

William C. McCurdy, Jr. L.L.C
12 North Main Street
Jasper GA 30143
Telephone: 706-253-7701
lawoffice@mccurdylaw.com

```
Label Matrix for local noticing          Roman Glenn Adams                        Cartersville Medical Center
113E-2                                   6980 Highway 53 East                     P O Box 923508
Case 18-21120-jrs                        Tate, GA 30177-2520                      Norcross, GA 30010-3508
Northern District of Georgia
Gainesville
Thu Jun 14 10:56:11 EDT 2018

Discover Bank                            (p)DISCOVER FINANCIAL SERVICES LLC       William C. McCurdy Jr.
Discover Products Inc                    PO BOX 3025                              William C. McCurdy, Jr., LLC
PO Box 3025                              NEW ALBANY OH 43054-3025                 12 North Main Street
New Albany, OH  43054-3025                                                        Jasper, GA 30143-1501


Midland Credit Mgt                       (p)NISSAN MOTOR ACCEPTANCE CORPORATION   PRA Receivables Management, LLC
2365 Northside Dr  #300                  LOSS RECOVERY                            PO Box 41021
San Diego, CA 92108-2709                 PO BOX 660366                            Norfolk, VA 23541-1021
                                         DALLAS TX 75266-0366


Piedmont Healthcare                      (p)PORTFOLIO RECOVERY ASSOCIATES LLC     Shellpoint Mortgage Servicing
P O Box 102859                           PO BOX 41067                             % Stern & Eisenberg Southern
Atlanta, GA 30368-2859                   NORFOLK VA 23541-1067                    53 Beattle Place
                                                                                  Columbia, SC 29204


Stearn & Eisenberg Southern PC           Synchrony Bank                           Synchrony/WalMart
1709 Devonshire Drive                    c/o PRA Receivables Management, LLC      Bankruptcy Dept
Columbia, SC 29204-2404                  PO Box 41021                             P O Box 965024
                                         Norfolk, VA 23541-1021                   Orlando, FL 32896-5024


Nancy J. Whaley
Nancy J. Whaley, Standing Ch. 13 Trustee
303 Peachtree Center Avenue
Suite 120, Suntrust Garden Plaza
Atlanta, GA 30303-1216
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Discover Financial Svcs                  Nissan Motor Acceptance                  Portfolio Recovery
P O Box 15316                            8900 Freeport Pkwy                       Attn: Bankruptcy
Wilmington, DE 19850-5316                Irving, TX 75063                         P O Box 41067
                                                                                  Norfolk, VA 23541
```

End of Label Matrix
Mailable recipients    15
Bypassed recipients     0
Total                  15